Brian R. Riddle *v.* Curtis L. Anderson and Pennsylvania Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Brian R. Riddle *v.* Curtis L. Anderson and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

272

Argued April 30, 1984, before Judges WILLIAMS, Jr., DOYLE and BLATT, sitting as a panel of three.

*Mark E. Garber, Jr.,* Acting Chief, Tort Litigation Section, with him, *Randall G. Gale,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellant/appellee, Pennsylvania Department of Transportation.

*Donald L. Reihart,* with him, *Lillian M. Morgan and Sharon E. Myers, Laucks & Monroe,* for appellee/appellant, Brian R. Riddle.

OPINION BY JUDGE BLATT, September 21, 1984:

In this trespass action to recover damages for injuries sustained by Brain R. Riddle (Riddle) in an automobile accident, the jury found both the driver of the vehicle in which Riddle was a passenger and the Pennsylvania Department of Transportation (DOT) negligent and thus liable for damages in the amount of $55,000.00 (fifty-five thousand dollars) for pain and suffering, inconvenience, disfigurement and

loss of enjoyment of life. The jury did not award any damages for loss of past and future earnings.[1]

Subsequently, Riddle filed a motion for a new trial in which he requested, alternatively: a new trial solely on the issue of damages, a new trial on all issues, or additur to justly compensate him for his loss of past and future earnings. He argued that the verdict was inadequate because it failed to compensate him for the irreparable brain damage he suffered as a result of the accident in the form of loss of past and future earnings. The trial court granted relief in the form of a new trial on all issues, concluding that the jury's failure to award any damages for loss of past and future earnings rendered the verdict inadequate inasmuch as it was "clearly against the weight of the evidence and reflected a disregard for the Court's instruction that in determining loss of past and future earnings, the jury was to consider plaintiff's [Riddle] opportunity to earn." Additionally, the trial court explained that a new trial on *all* issues rather than a new trial on the issue of damages alone was necessary in light of the conflict involving liability, stating that the overall low damage award indicated that the jury had possibly compromised the issue of liability and that, therefore, a new trial on the issue of damages alone would be inappropriate.

Cross-appeals were filed by DOT (1280 C.D. 1983) and by Riddle (1377 C.D. 1983).

---

[1] The trial court stated in its opinion granting a new trial that Riddle presented evidence through a vocational expert witness indicating that his loss in earning capacity would ultimately amount to $290,000.00. The jury, however, in completing the special verdict form used here entered $55,000.00 in the space following pain and suffering, inconvenience, disfigurement and loss of enjoyment of life but placed a zero in the spaces provided for loss of past earnings and loss of future earnings.

274

In its appeal, DOT contends that the trial court usurped the prerogative of the jury, and thereby abused its discretion, when it determined that the damage award was inadequate. DOT argues that, despite the lack of contradictory evidence on the issue of past and future earnings, the jury did not have to find credible Riddle's evidence regarding loss of past and future earnings. Furthermore, DOT urges that Riddle failed to meet his burden with respect to loss of future earnings in that he did not prove that his "economic horizons" had been narrowed as a result of the accident.

The decision to grant or deny a new trial because of an inadequate verdict is one peculiarly within the discretion of the trial court, and consequently, such a decision will not be overturned on appeal unless the trial court abused its discretion or erred as a matter of law. *Dougherty v. Sadsbury,* 299 Pa. Superior Ct. 357, 445 A.2d 793 (1982). Recently, the Pennsylvania Superior Court, in *Bortner v. Gladfelter,* 302 Pa. Superior Ct. 492, 448 A.2d 1386 (1982), prescribed detailed guidelines to aid trial courts in determining whether or not to set aside a verdict as inadequate, and, although that decision is not binding upon this court, we find it highly persuasive. It held that such a decision is correct, and thus not an abuse of the trial court's discretion, when: (1) the verdict awarded indicates passion, prejudice, partiality or corruption on the part of the jury; (2) the verdict reveals that the jury either disregarded or misapprehended the instructions of the court; (3) the verdict awarded bears no reasonable relation to the losses sustained by the plaintiff; (4) the verdict evidences a failure of justice to the plaintiff; *or* (5) the verdict is so inadequate that

it should not be permitted to stand. *Id.* at 496, 448 A. 2d at 1389.

Initially, we would emphasize that Riddle, who was in college studying to become an architectural engineer at the time of the accident, did not have to prove that he would have reached his stated goal, rather he had to prove that his "economic horizons" had been shortened because of his injuries. *Kaczkowski v. Bolubasz,* 491 Pa. 561, 421 A.2d 1027 (1980). Here, Riddle presented competent evidence in the form of records revealing past academic achievements and the testimony of a vocational expert to support his contention that he would have been able to complete the architectural engineering course prior to the accident. Additionally, Riddle offered uncontradicted and consistent opinions from both his neurosurgeon and the vocational expert that at present he could not undertake an engineering course and that his present inability to do so resulted from brain damage sustained during the accident. We, therefore, agree with the trial court that Riddle met his burden of proof here to show a narrowing of "economic horizons".

After reviewing the standards set forth in *Bortner* and the trial court's reasons for finding the verdict inadequate, and after also reviewing the entire record, we do not believe that the trial court abused its discretion here by setting aside the verdict. It instructed the jurors that, if they found liability on the part of the defendants, they would then need to determine the amount of damages, including both past and future losses, sustained by the plaintiff as a result of the accident. And, in charging the jury on how to calculate the loss of past and future earnings, the trial court instructed it to consider any loss of opportunity suffered by the plaintiff. As previously noted, Riddle did offer evidence establishing loss of opportunity.

The record also contains undisputed evidence regarding his life expectancy and the difference in starting salaries between his present position as a draftsman and the position of architectural engineer. Considering the jury's finding of negligence on the part of both defendants and the uncontradicted testimony regarding Riddle's injuries and consequent losses, we must consequently agree that the jury apparently disregarded or misapprehended its instructions. Moreover, while it is true that the jury does not have to accept as true even uncontradicted evidence, *Macina v. McAdams,* 280 Pa. Superior Ct. 115, 421 A.2d 432 (1980), it is also true that, where a jury verdict goes against overwhelming, uncontradicted testimony, the court may set the verdict aside as being clearly against the weight of the evidence. *Id.*

### 1377 C.D. 1983

In his cross-appeal, Riddle contends that the trial court erred in granting a new trial on all issues rather than on the issue of damages alone.

The trial court stated in its opinion that the inadequacy of the damage verdict possibly evidenced a compromise by the jury on the issues of negligence and damages. And in *Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970), our Supreme Court held that:

> Where a substantial conflict exists on the question of liability, such that a low verdict might indicate that the jury compromised the liability issue with the amount of damages awarded, it is an abuse of discretion for the lower court to grant a new trial limited to the issue of damages.

*Id.* at 232, 263 A.2d at 320. Moreover, a trial court may award a new trial limited to the issue of damages only where the question of liability is not intertwined

with that of damages *and* the issue of liability has either not been contested or has been fairly determined. *Id.*

The questions of DOT's liability here involved the placement of a road sign, warning of a sharp curve and the maintenance of the roadway; while the issues concerning damages involved Riddle's injuries. While we do not perceive these issues as being so intertwined as to preclude a new trial on the issue of damages only, *Gagliano,* DOT contested its liability and so we must determine whether or not the question of liability was fairly determined.

In this regard, we believe that the trial court's suspicion that the verdict here might have been compromised is well-founded. The record reveals that, after deliberating for approximately five hours, the jury asked the trial court whether a damage verdict had been reached if nine jurors agreed upon an amount regarding the award of loss of past and future earnings but three jurors felt that no damages with regard to earnings should be awarded. The court replied that ten of twelve jurors must agree to the amount, and it sent the jury back to continue its deliberations. When the jury returned with its verdict, no damages whatever had been awarded for loss of past and future earnings. We believe, therefore, that the trial court's suspicion of compromise was justified and that it would have been an abuse of discretion here to conclude that the issue of liability had been fairly determined.

Accordingly, we will affirm the decision of the trial court.

### ORDER IN 1280 C.D. 1983

AND Now, this 21st day of September, 1984, we hereby affirm the decision of the Court of Common Pleas of York County in the above-captioned matter.

ORDER IN 1377 C.D. 1983

AND Now, this 21st day of September, 1984, we hereby affirm the decision of the Court of Common Pleas of York County in the above-captioned matter.