574 A.2d 1193

**Jay R. ROBERTS and Jeffrey L. Frey, Administrators of the Estate of Jody L. Albert, Deceased**

v.

**Albert S. DUNGAN et al.**

**Appeal of Jay R. ROBERTS and Jeffrey L. Frey et al.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided May 11, 1990.

Joseph F. Roda, Joseph F. Roda, P.C., Lancaster, for appellants.

James R. Moyles, Sr. Deputy Atty. Gen., with him, Jessie L. Smith, Sr. Deputy Atty. Gen., for appellees.

Before CRAIG and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

The administrators for the estates of John Albert, Jr., Connie Albert, and Jody Albert, and the guardians for Brian Albert, a minor, (collectively "estates"), appeal an order of the Court of Common Pleas of Lancaster County which denied the estates' request for a new trial against Albert Dungan [1] and the Commonwealth of Pennsylvania, Department of Transportation (DOT).

The chief issues arise from the fact that the jury (1) found that DOT, although negligent, was not liable because of lack of causation, for a serious motor vehicle accident; and (2) awarded no survival damages on behalf of a nine year-old female decedent.

The record indicates that on April 9, 1984, a van, driven by Dungan, collided with a car, driven by John Albert, Jr., at the intersection of Pennsylvania Routes 441 and 23 in Lancaster County. The accident caused the deaths of John Albert, Jr. and two passengers in his car, his wife Connie Albert and his daughter Jody Albert. The car's other passenger, Brian Albert, sustained serious injuries. Two passengers in Dungan's van were also killed in the accident.

The accident produced both criminal and civil actions. According to the record, Dungan had a .19% blood-alcohol level after the accident, which resulted in his criminal

---

1. Although Albert Dungan apparently chose not to participate in this appeal, the estates' issue regarding Jody Albert's survival damages includes Dungan as a defendant-appellee.

conviction, in July of 1985, for vehicular homicide and vehicular homicide while driving under the influence.

The estates filed civil actions against Dungan for his negligent operation of the van, and against DOT for failure to erect traffic controls in addition to the non-illuminated signs erected at the intersection at the time of the accident. Before trial, the trial court, relying on Dungan's criminal convictions, directed a verdict against him on the liability issue. However, the damage issue remained to be tried against Dungan.

During the trial, the estates presented the testimony of two highway safety experts, Paul Box and Michael Janoff, who concluded that additional traffic controls at the intersection, including a flashing stop ahead sign or a traffic light signal, would have reduced the risk of the accident. Based on this evidence, as well as other evidence presented at trial, the estates contended that DOT was negligent in failing to erect these additional traffic controls at the intersection. Although DOT did not present any highway safety evidence to counter the estates' expert testimony, DOT did present eyewitness and expert testimony that Dungan's negligence solely caused the accident.

After reviewing the evidence, the jury stated in special interrogatories that, although DOT was negligent in failing to erect additional traffic controls at the intersection, DOT's negligence was not a "substantial factor," or a legal cause, in relation to the accident. The jury then awarded wrongful death and survival damages to the estate of John Albert, Jr., wrongful death damages to the estates of Connie Albert and Jody Albert, and personal injury damages to Brian Albert.

The estates then filed post-trial motions seeking a new trial against both Dungan and DOT. The trial court denied the estates' request for a new trial based on the sufficiency of the evidence. This appeal followed.

Initially, we note that a jury's resolution of factual issues must not be disturbed unless the jury's findings are

against the weight of the evidence. *Baldino v. Castagna*, 505 Pa. 239, 478 A.2d 807 (1984). Moreover, when a trial court denies a motion for new trial based on the sufficiency of the evidence, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Volponi v. Borough of Bristol*, 122 Pa.Commonwealth Ct. 192, 551 A.2d 657 (1988), *appeal denied*, 522 Pa. 626, 564 A.2d 918 (1989).

■ Hence, the estates' first issue is whether the trial judge committed an abuse of discretion in upholding the jury's finding that DOT's negligence, in failing to erect a flashing stop ahead sign or a traffic signal, was not a substantial factor in causing the accident.

■ Where, as in this case, one party has breached a duty owed to a second party, and an injury occurs to that second party, causation—both actual and legal—must be established between the breach of duty and the resulting injury. *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978). If a breach of duty occurred, and if that breach of duty increased the risk of harm to the injured party, the question then is whether this increased risk was a "substantial factor," or a legal cause, in relation to the resulting injury. *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977).

The estates, relying on *Elia v. Olszewski*, 368 Pa. 578, 84 A.2d 188 (1951), contend that, because they presented uncontradicted traffic safety expert evidence that DOT's failure to erect the additional traffic signals increased the risk of the accident, and because the jury concluded that DOT was negligent in failing to erect these signals, the jury and the trial judge necessarily should have decided that DOT's inaction constituted a substantial factor in causing the accident.

However, in *Elia*, the defendant offered no testimony at trial on the plaintiff's breach of contract claim. The jury then rendered a verdict for the defendant on this claim, and the trial court refused to grant a new trial. The Supreme Court, in reversing the trial court, stated that:

[W]here, as here, there is no conflicting evidence and especially where no evidence at all is produced by a party in whose favor the verdict is rendered, the trial judge should not permit a capricious verdict to stand against uncontradicted testimony of credible witnesses whose veracity there is no apparent reason to doubt, unless such testimony is in itself inherently incredible or contradictory.

*Elia,* 368 Pa. at 579, 84 A.2d at 189.

In this case, the trial court concluded that both parties presented evidence on the issue of legal cause, stating that:

Here, we believe that the findings of the jury are consistent with the holdings in Hamil and Ford. In determining that the intersection had a dangerous condition and that DOT was negligent, the jury, we believe, was satisfied that the [estates] demonstrated that DOT's acts or omissions had increased the risk of harm and that DOT had breached its duty of care. However, going further as the factfinder and in finding that DOT's negligence was not a legal cause of the accident, it clearly determined that the increased risk of harm was not a substantial factor in bringing about the resultant harm. These findings, we believe, are the jury's statement that the [estates'] injuries would have been sustained even in the absence of DOT's negligence, that is, its statement that Dungan's negligence was the sole legal cause of the accident and resulting harm to the [estates].

. . . .

We believe that DOT presented the jury with evidence of at least five significant facts which allowed it to reasonably conclude that DOT's negligence was not a substantial factor in causing the accident. This evidence was on Dungan's blood alcohol level, his erratic driving, his familiarity with the intersection, the devices controlling traffic at the intersection and Dungan's failure to even attempt to stop before entering the intersection.

Because the record contains sufficient evidence from both parties on the legal cause of the accident, *Volponi,* and

because the jury, as factfinder, weighed this evidence in making its determination, *Baldino*, we conclude that the trial court did not abuse its discretion in denying the estates' request for a new trial.

■ The next issue is whether the jury's failure to award survival damages to the estate of Jody Albert, the nine year-old daughter, warrants a new trial.[2]

■ Under § 8302 of the Judicial Code, 42 Pa.C.S. § 8302, an estate may bring a cause of action on behalf of a decedent for the decedent's injuries or death caused by a tortfeasor's negligent acts. Such survival action damages, recoverable under § 8302, include a decedent's loss of earning capacity or potential, less personal maintenance, from the time of death through the decedent's estimated lifetime employment period. *Krock v. Chroust*, 330 Pa.Superior Ct. 108, 478 A.2d 1376 (1984).

At trial, the estates presented the testimony of Dr. Andrew Verzilli, an economic expert, who estimated that Jody Albert's future earnings potential, less personal maintenance, would be between $244,000 and $846,000. DOT presented no evidence to contradict Dr. Verzilli's testimony, and after reviewing the evidence, the jury awarded no survival damages to Jody Albert's estate.

In denying the estates' motion for new trial, the trial court relied on *Alleva v. Portner*, 184 Pa.Superior Ct. 335, 134 A.2d 501 (1957). In that case, the Superior Court reversed a trial court's grant of a new trial, stating that damages for that minor's future earnings potential were speculative and uncertain, and thus any future earnings potential calculations must be left to the jury's discretion. However, because of an economic expert's ability to estimate an individual's life span and to calculate an individual's future earnings potential, as indicated by Dr. Verzilli's testimony, and because the estates presented Dr. Verzilli's

**2.** Because we conclude that DOT's negligence was not a substantial factor in causing the accident, we view this issue to be directed solely against Dungan.

uncontradicted testimony regarding Jody Albert's life span and future earnings potential, we conclude that the court's holding in *Alleva* is not applicable in this case.

Moreover, in *Riddle v. Anderson*, 85 Pa.Commonwealth Ct. 271, 481 A.2d 382 (1984), this court affirmed a trial court's grant of a new trial in a personal injury action based on an inadequate jury verdict on future earnings potential, stating that:

> Considering the jury's finding of negligence on the part of both defendants and the uncontradicted testimony regarding Riddle's injuries and consequent losses, we must consequently agree that the jury apparently disregarded or misapprehended its instructions. Moreover, while it is true that the jury does not have to accept as true even uncontradicted evidence, it is also true that, where a jury verdict goes against the overwhelming, uncontradicted testimony, the court may set aside the verdict as being clearly against the weight of the evidence. (Citations omitted.)

*Riddle*, 85 Pa.Commonwealth Ct. at 276, 481 A.2d at 384–85.

Furthermore, in *Bortner v. Gladfelter*, 302 Pa.Superior Ct. 492, 448 A.2d 1386 (1982), the court reversed a jury's failure to award survival damages where the decedent's estate presented uncontradicted evidence that the decedent's lifetime earning potential would have been approximately $78,000. *See also Burkett v. George*, 118 Pa.Commonwealth Ct. 543, 545 A.2d 985 (1988) (jury's failure to award survival damages for decedent required new trial because jury ignored uncontradicted evidence of decedent's life expectancy and solid employment skills.)

In this case, we conclude that, in awarding no survival damages to Jody Albert's estate, the jury ignored Dr. Verzilli's uncontradicted evidence of Jody Albert's future earning potential. *Riddle.*

The jury also awarded no survival damages to Connie

Albert's estate.[3]  Although Connie Albert, the mother, did not work outside of the home at the time of her death, she did work as a homemaker.  The parties' briefs suggest that the jury may have paralleled Connie Albert's status as a homemaker with Jody Albert's future employment status, thus concluding that Jody Albert would also become a homemaker.

However, given the fact that today's workforce contains a nearly equal number of women and men, and that Jody Albert could have continued her education to develop a career outside of the home, we cannot accept a view that a daughter will necessarily follow in her mother's footsteps. Moreover, we cannot uphold the jury's determination, based upon its consistency as to the two deceased Albert family females, because such a conclusion would suggest a bias against young women who have not yet reached an appropriate age to choose a career.  Thus, we grant a new trial on this issue.

Because we conclude that DOT was not liable based on a lack of legal cause, and because Dungan's liability has not been contested on appeal, we reverse the trial court's order in part and remand for a new trial solely against Dungan on the issue of survival damages for Jody Albert's estate.  *See Hill v. Bureau of Corrections*, 124 Pa.Commonwealth Ct. 172, 555 A.2d 1362 (1989).

Accordingly, we affirm the trial court's order as to DOT's liability; we reverse and remand for new trial as to the issue of survival damages for Jody Albert's estate.

## ORDER

NOW, May 11, 1990, the order of the Court of Common Pleas of Lancaster County, No. 3630–1984, dated June 29, 1989, is affirmed in part as to the issue of the liability of the Commonwealth of Pennsylvania, Department of Transportation.  The same order is reversed in part, in that this case is

3.  The estate took no appeal from that determination.

remanded for a new trial against Albert Dungan on the issue of survival damages for Jody Albert's estate.

Jurisdiction relinquished.