601 A.2d 910

**Louise KAUFFMAN and Lawrence Kauffman, Her Husband, Appellants,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 21, 1991.

Decided Jan. 3, 1992.

Reargument Denied Feb. 12, 1992.

Louis Kattelman, for appellants.

Alan C. Ostrow, Chief Asst. City Sol., for appellee.

Before CRAIG, President Judge, COLINS, J.(P.), and SILVESTRI, Senior Judge.

COLINS, Judge.

Louise and Lawrence Kauffman (Kauffmans) appeal from the September 12, 1990 order of the Court of Common Pleas of Philadelphia County (Common Pleas) which denied their post-trial motion. The Kauffmans' motion sought a judgment n.o.v. or, in the alternative, a new trial.

The Kauffmans filed a complaint against the City of Philadelphia (City) on July 16, 1985, alleging that Louise Kauffman (Mrs. Kauffman) sustained personal injuries when her motor vehicle was struck from the rear by a City trash truck. At trial, Mrs. Kauffman testified that her head was snapped back and that her knees hit the steering wheel, although she was wearing a seat belt.

■ Several days after the accident, Mrs. Kauffman sought medical treatment from her family physician, Samuel Lizerbram, D.O. (Dr. Lizerbram). Dr. Lizerbram testified, at trial, that he examined her on September 23, 1983 for complaints pertaining to the neck and back area. His initial diagnosis was acute cervical and lumbar strain and sprain. Dr. Lizerbram testified that he did not treat Mrs. Kauffman for an injury to her coccyx between the dates of September 23, 1983 and November 3, 1983, a time period during which he saw her on five occasions. His records reflect that he first treated her for an injury to the coccyx on April 23, 1984, approximately seven months after the accident.

Subsequent to the accident, Mrs. Kauffman was also seen by a radiologist, orthopedic surgeons, and a neurosurgeon. Several of these physicians testified at trial. Seymore Shlomchik, M.D. (Dr. Shlomchik), an orthopedic surgeon, testified that he first examined Mrs. Kauffman on October 10, 1983. She complained to him of neck pain, headaches, back pain, and pain over the coccyx. Following his examination on that date, Dr. Shlomchik made several diagnoses, one of which was post-traumatic coccydynia, which he testified was related to the accident on September 19, 1983. However, on cross examination, he testified that the frac-

ture to her coccyx, which was visible on x-rays, could have been caused by an automobile accident involving Mrs. Kauffman, which occurred in 1974. He also testified that the coccyx serves no purpose and that a person can function without one. Randall Smith, M.D. (Dr. Smith), an orthopedic surgeon, testified that he first examined Mrs. Kauffman on December 12, 1984. He stated that x-rays indicated that she had a fractured coccyx, that it was caused by the accident of September 19, 1983, and that it was a permanent injury. On cross examination, however, Dr. Smith testified that his opinion as to the cause of the coccyx injury was based upon the history he received from Mrs. Kauffman. He could not independently determine the cause of the injury, stating that "all I can say was there was a trauma at about that point that caused that problem. I wasn't there to witness it, so no, I can't state whether it was an accident or a fall." He admitted that he could not say with certainty that the accident was the actual cause of the coccyx injury; he relied upon Mrs. Kauffman's recitation of her medical history to determine the cause.

Gregory Piacente, M.D. (Dr. Piacente), a neurologist, who examined Mrs. Kauffman at the request of the City, also testified, by means of video deposition. Dr. Piacente testified that he examined Mrs. Kauffman on April 5, 1989, and he reviewed her medical records. He stated that her neurologic examination was normal. His testimony reflected that his report stated that he "was able to note tenderness with pressure over the coccyx." He also stated that coccydynia is very common and that although it is a frustrating and annoying condition, it is not a disabling condition.

In reaching its verdict, the jury had to answer special interrogatories. The first special interrogatory concerned whether the City was negligent. If the jury so found, it was to answer the second special interrogatory regarding whether the negligence was a substantial factor in bringing about the harm to Mrs. Kauffman. During deliberations, the jury had a question concerning the second special interrogatory. In response, Common Pleas reiterated its charge

concerning legal cause and substantial factor and reminded the jury of its burden of proof. Common Pleas refused the request of the Kauffmans' attorney that the jury be instructed that doctors testified that Mrs. Kauffman's injury was caused by the accident. The jury determined that the City was negligent but that its negligence was not a substantial factor in causing Mrs. Kauffman's harm.

Thereafter, the Kauffmans filed a post-trial motion for either judgment n.o.v. or a new trial. They alleged that the jury's verdict was inconsistent and confusing and that Common Pleas should have granted their request to instruct the jury that doctors had testified that Mrs. Kauffman's injury was caused by the accident. Common Pleas denied the post-trial motion and this appeal ensued.

The Kauffmans present two issues for this Court's review. First, was it inconsistent, irreconcilable, or confusing for the jury to find the City negligent but not to find that the negligence was a substantial factor in causing Mrs. Kauffman's injuries? Second, was it error for Common Pleas to refuse the Kauffmans' request to instruct the jury that doctors testifying for the Kauffmans stated that the injury was caused by the accident?

"[O]ur scope of review here is whether the trial court palpably abused its discretion or committed a clear error of law." *Frederick v. City of Pittsburgh*, 132 Pa.Commonwealth Ct. 302, 305, 572 A.2d 850, 851 (1990).

> Questions of credibility and conflicts in the evidence presented are for the trial court to resolve, not our appellate courts....

> As long as sufficient evidence exists in the record which is adequate to support the finding found by the trial court, as factfinder, we are precluded from overturning that finding and must affirm, thereby paying the proper deference due to the factfinder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. This rule of law is well established in our jurisprudence

and is rooted in concepts of fairness, common sense and judicial economy.

*Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 248, 555 A.2d 873, 875 (1989) (citations omitted).

The Kauffmans argue that the jury's verdict was inconsistent, because its finding that the City was negligent cannot be reconciled with its finding that the negligence was not a substantial factor in causing Mrs. Kauffman's harm. According to the Kauffmans, the only disputed injury is the coccydynia. The other injuries, according to the Kauffmans, are not in dispute. The Kauffmans argue that the jury had conclusive, uncontradicted evidence of what happened in the accident and that that evidence was sufficient for the jury to conclude that the City's negligence was a substantial factor in causing Mrs. Kauffman's harm. The Kauffmans further argue that Common Pleas abused its discretion by denying their post-trial motion, because the fair preponderance of the evidence supports a finding that the City's negligence was a substantial factor in Mrs. Kauffman's harm. Additionally, they argue that Common Pleas' opinion deals only with the disputed injury, coccydynia, and not with the rest of Mrs. Kauffman's injuries, which injuries were conceded by the City's attorney, according to the Kauffmans.

The City argues that the Kauffmans can only recover damages for pain and suffering for injuries causing a permanent loss of bodily function, pursuant to 42 Pa.C.S. § 8553(c)(2)(ii). The City argues that Mrs. Kauffman admitted at trial that she had recovered from her injuries except for the coccydynia, and she presented no expert testimony establishing that the injuries from which she had recovered resulted in permanent loss of any bodily function. With regard to the coccydynia, the City argues that the evidence at trial was sufficiently conflicting to permit the jury to find that the Kauffmans did not prove that the City's negligence was a substantial factor in causing the coccydynia.

"Initially, we note that a jury's resolution of factual issues must not be disturbed unless the jury's findings are against the weight of the evidence." *Roberts v. Dungan*, 133 Pa.Commonwealth Ct. 98, 101–02, 574 A.2d 1193, 1195, *petitions for allowance of appeal denied*, 526 Pa. 641, 584 A.2d 323, 526 Pa. 643, 584 A.2d 324 (1990). "It is the function of our jury system to evaluate evidence adduced at trial to reach a determination. We will not superimpose our own beliefs for that of the jury so long as sufficient evidence has been offered to establish that reasonable persons may differ as to the verdict." *Riddle Memorial Hospital v. Dohan*, 504 Pa. 571, 578, 475 A.2d 1314, 1317 (1984). Our review of the record reveals that there is sufficient evidence to support the jury's verdict in the present matter, and we will not, therefore, disturb the jury's findings.

The Kauffmans also argue that after the jury returned with a question about special interrogatory No. 2, Common Pleas should have agreed to the Kauffmans' request that it instruct the jury that doctors testifying for the Kauffmans stated that the injury was caused by the accident. Common Pleas' failure to so instruct the "obviously confused jury" was error, according to the Kauffmans.

With regard to the Kauffmans' second issue, her suggested charge to the jury, the City argues that there is no merit to the Kauffmans' argument. According to the City, no law requires Common Pleas to repeat isolated portions of contested evidence in response to a jury question regarding causation. The City argues that Common Pleas' only responsibility was to recharge the jury regarding substantial factor and legal cause and their burden of proof. Kauffman, according to the City, wanted the trial judge to be her advocate, which is, obviously, improper. The judge's role is to instruct the jury on the law and not on the facts.

"It is fundamental that the primary duty of a trial judge is clearly and correctly to define the issues to be resolved by the jury[.]" *Vaughn v. Philadelphia Transportation Company*, 417 Pa. 464, 468, 209 A.2d 279, 282

(1965). It is the judge's responsibility to explain the law and to briefly review the evidence, but it is the province of the jury to decide the facts, the credibility of witnesses, and the weight to be given the evidence. *Keating v. Belcher*, 384 Pa. 129, 119 A.2d 535 (1956). It was well within the judge's discretion, in the present matter, to refuse the Kauffmans' request that he instruct the jury that doctors testifying for the Kauffmans stated that Mrs. Kauffman's injury was caused by the accident, because it was within the province of the jury to decide the credibility of the witnesses, the evidence presented, and the inferences to be drawn therefrom.

Accordingly, the September 12, 1990 order of the Court of Common Pleas of Philadelphia County, which denied the Kauffmans' post-trial motion, is affirmed.

### ORDER

AND NOW, this 3rd day of January, 1992, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter, is affirmed.