Commonwealth, Appellant, *v.* Jones.

Argued April 30, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Clifford E. Haines,* Assistant District Attorney, with him *Arthur R. Makadon,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Louis Lipschitz,* with him *Robert L. Franklin,* for appellee.

OPINION PER CURIAM, July 2, 1973:

Herein, the Commonwealth appeals from an order below granting a new trial to James Jones, who had been convicted by a jury of murder in the first degree and other related crimes.

After a careful consideration of the entire record and the reasons assigned by the court for granting a new trial, it is clear to us that the court's ruling was based on an admixture of law and fact. Under the circumstances, the Commonwealth is without any right

of appeal. *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961), and *Commonwealth v. Zeger,* 193 Pa. Superior Ct. 498, 165 A. 2d 683 (1960).

Appeal dismissed.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I would affirm the grant of a new trial because there was no abuse of discretion by the trial court. I am unable to find any reason for depriving the Commonwealth of the *right to appeal* in all cases after the grant of a new trial following a conviction. Even when the matter is considered *factual* this Court can review in order to determine whether the trial court's decision was within its proper discretionary authority.