545 A.2d 985

Gary L. Burkett, Administrator of the Estate of Robert A. Burkett, Deceased, and Guardian Ad Litem for all persons entitled to share in damages for the wrongful death of Robert A. Burkett *v.* John Stephen George and The Township of Monroe. The Township of Monroe, Appellant.

Gary L. Burkett, Administrator of the Estate of Robert A. Burkett, Deceased, and Guardian Ad Litem for all persons entitled to share in damages for the wrongful death of Robert A. Burkett, Appellant *v.* John Stephen George and The Township of Monroe, Appellees.

544

Argued April 19, 1988, before President Judge CRUMLISH, JR., Judge MCGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*William F. Martson, Martson, Deardorff, Williams & Otto,* for Township of Monroe.

*James D. Flower, Jr.* for John Stephen George.

*John M. Eakin,* with him, *Murrel R. Walters, III,* for Gary L. Burkett, Administrator.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 15, 1988:

Gary L. Burkett, Administrator of his son Robert's estate, and the Township of Monroe cross-appeal a Cumberland County Common Pleas Court order granting and denying certain post-trial motions. The final order granted a new trial as to survival and wrongful death damages but denied a new trial on the issue of liability. We affirm in part and reverse and remand in part.

Robert Burkett, an eighteen year old computer paper machine operator, died as a result of injuries sustained in an automobile accident. Burkett was a passenger in a car driven by John Stephen George, who, while driving in a construction zone, lost control on a curve causing the vehicle to leave the road and overturn. A jury heard evidence on the wrongful death and survival

action and found defendant George and Monroe Township each fifty percent negligent. The jury awarded wrongful death damages in the amount of $50,000 but did not award damages in the survival action.

After argument on post-trial motions, the common pleas court granted a new trial on survival and wrongful death damages holding that the amounts awarded were inconsistent with the evidence. The trial court found no merit to the motion for a new trial on liability. It concluded that once the township elected to post the construction zone, Section 6122 of the Vehicle Code, 75 Pa. C. S. §6122, required the signs to be *official* traffic control devices.

Burkett here contends that a new trial should be awarded on survival damages alone. The township responds that the jury decision was proper in all respects but in the alternative moved for a new trial on wrongful death damages and liability.

Our scope of review of a common pleas court order granting in part and denying in part motions for new trial is limited to ascertaining whether the court abused its discretion or committed an error of law. *Commonwealth v. Liddick*, 471 Pa. 523, 370 A.2d 729 (1977). Additionally, whether to grant a new trial because of the inadequacy of the verdict is within the discretion of the trial court, and its decision will not be disturbed unless an abuse exists. *Bortner v. Gladfelter*, 302 Pa. Superior Ct. 492, 448 A.2d 1386 (1982).

## WRONGFUL DEATH DAMAGES

Wrongful death damages are established in 42 Pa. C. S. §8301 for the purpose of compensating the spouse, children or parents of a deceased for pecuniary loss they have sustained by the denial of future contributions the deceased would have made in her lifetime. *Bortner*. Certain administration, funeral and med-

ical expenses may also be recovered. 42 Pa. C. S. §8301(c).

The common pleas court concluded that the only evidence presented in support of Burkett's claim for wrongful death damages was $2,567.00 funeral expenses. The court noted that the decedent was emancipated. Although he lived at home, no room or board payments had been made nor was there an expectancy of such in the future. Hence, the $50,000 wrongful death award by the jury bore no relation to the damages submitted and, accordingly, the common pleas court granted a new trial.

To support the order granting a new trial for inadequacy, "the injustice of the verdict should stand forth like a beacon." *Bortner,* 302 Pa. Superior Ct. at 496, 448 A.2d 1388.

Burkett contends that the common pleas court erred in awarding a new trial because the township failed to file post-trial motions objecting to the award and because the jury properly estimated the future contributions the deceased may have made.

Initially, we note that in its motion for post-trial relief, the township averred in paragraph four, "However, in order that the rights of Defendant Township shall be preserved, Defendant filed the within Motions for Post Trial Relief, in the alternative, as to both liability and damages." We hold that this statement adequately raised the challenge to the wrongful death award and complies with the requirements of Pa. R.C.P. No. 227.1, Post-Trial Relief.[1]

Next, although we agree with Burkett that wrongful death damages as to pecuniary losses are, to an extent speculative, *Pine v. Synkonis,* 79 Pa. Commonwealth Ct. 479, 470 A.2d 1074 (1984), we conclude that the

---

[1] *See* also pages 3 and 4 of Township's post-trial brief.

common pleas court did not abuse its discretion in setting aside the $50,000 award. The evidence establishes that decedent spent most of his income on his interest in automobiles and made no regular contributions to his parents. The jury award here goes beyond mere speculation.

## SURVIVAL DAMAGES

Survival damages represent earnings the deceased would have made during the period of his life expectancy subtracted by the probable cost of his maintenance as shown by the evidence and any amount awarded for wrongful death.[2] *Bortner.*

Burkett's consulting actuary testified that the deceased's life expectancy was 53.3 years and work expectancy to age 65 was 46 years. The actuary estimated decedent's net loss of earnings to be $763,447.[3] The common pleas court concluded that the jury's failure to award any damages as to this action was error because it ignored uncontradicted evidence of solid employment skills.

The Township contends that this conclusion is error because the damage verdicts were a "compromise" to the jury's verdict on liability. A "compromise verdict" is one where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, returns a verdict for the plaintiff but in a lesser amount than it would have if these questions had been free of doubt. *Stokan v. Turnbull,* 480 Pa. 71, 78, 389 A.2d 90, 93 (1978).

---

[2] Survival damages may also include decedent's pain and suffering prior to death, but we note that such claim is not sought herein.

[3] The actuary used government statistics on cost maintenance at thirty-five percent of salary for living away from home.

We agree with the common pleas court that the refusal by the jury to award *any* survival damages does not constitute a compromise verdict. *Bortner.* The township seeks to have this Court ordain that part of the wrongful death damages ($50,000) in excess of funeral costs ($2,567) as survival damages. We have no such authority. A new trial for survival damages was properly awarded.

### LIABILITY

Turning to the final issue of whether a new trial on the *liability* issue was properly denied by the trial court, we must first review a municipality's duty under Section 6122 of the Vehicle Code to post warning signs in construction zones. Section 6122 provides:

> (a) **General rule.**—The *Department* on State-designated highways *and local authorites* on any highway within their boundaries *may erect official traffic-control devices, which shall be installed and maintained* in conformance with the manual and regulations published by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic.

(Emphasis added.)

It is not contested that the township was responsible for the repair of the road. Additionally, it is uncontradicted that the warning signs posted did not comply fully with Department of Transportation (DOT) regulations set forth in Title 67 of the Pennsylvania Code.

The township argues that it is discretionary to erect *official* traffic signs and only if it so acts must the signs conform to DOT regulations. Since it decided here to erect *un*official signs, there is no such duty.

We disagree with the township's construction of the law. Section 6122 places a duty on local authorities and

DOT to erect signs in conformance with regulations if it decides to post. There is no distinction in Section 6122 between "official" and "unofficial" postings, and this Court declines to recognize such a distinction. To do so would be to sanction (and even encourage) different marking systems throughout the state which would confuse motorists and thwart the purpose of a uniform system envisioned by this very section of the Code.

The trial court properly instructed the jury that if the township decided to post the construction zone, the marking must conform to DOT regulations. The improper marking thus constituted negligence, but the Court added that it must additionally determine whether the negligence was a substantial factor in bringing about the accident and the consequent death of Burkett. We find no error in these instructions.

Finally, the trial court concluded that a new trial on the liability issue would not be guaranteed because the only issue preserved for appeal by the township was the posting contention. The township respectfully submits that its "compromise verdict" argument went to the validity of the damages award *and* in the alternative to the propriety of the liability verdict.

Cumberland County Rule of Civil Procedure for Argument Court No. 210-7 provides that "issues raised but not briefed shall be deemed abandoned." The township contends that it clearly argued the point below. We agree with the township that its brief opposing plaintiff's motion for a new trial preserved that issue.

A reading of the record in this case discloses that the deceased and George were returning from a speedway that evening. Moments before the accident, a second, unlicensed passenger was permitted by George to drive through the curve on the construction zone. The township had posted a slow sign before the curve, but it did not comply fully with DOT regulations. The road

was covered with ballast stone, in preparation for paving.

New trials should be limited to specific issues only when the procedure is fair to both parties. Where the question of negligence is not free from doubt, it is an abuse of discretion for a trial judge to grant a new trial on the issue of damages alone. *Phelps v. Paul L. Britton, Inc.*, 412 Pa. 55, 60, 192 A.2d 689, 692 (1963).

Reviewing this evidence in light of our earlier conclusion that the jury's damages award was in error, we hold that the common pleas court abused its discretion in failing to award a new trial on liability. *Elza v. Chovan*, 396 Pa. 112, 152 A.2d 238 (1959). The inadequacy of the verdict herein may represent confusion as to liability. Conflicting evidence was presented on the issue of negligence and hence we conclude that the township has made a substantial challenge as to the jury's negligence apportionment. *Gagliano v. Ditzler*, 437 Pa. 230, 233, 263 A.2d 319, 320 (1970).

The order of the trial court awarding a new trial on damages is affirmed; its order denying a new trial on liability is reversed.

## ORDER

The order of the Cumberland County Common Pleas Court, Docket No. 2348 Civil 1984 dated November 17, 1986, is affirmed in part and reversed in part. This matter is remanded for a new trial on the issue of liability.

Jurisdiction relinquished.