J. A30034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LARRY J. CRAGLE, : No. 548 WDA 2017
:
Appellant :

Appeal from the Judgment of Sentence, August 27, 2015,
in the Court of Common Pleas of Lawrence County
Criminal Division at Nos. CP-37-CR-0000695-2012,
CP-37-CR-0000830-2013

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 6, 2018**

Appellant, Larry J. Cragle, appeals from the August 27, 2015 judgment

of sentence entered in the Court of Common Pleas of Lawrence County

following his convictions in a jury trial of two counts of indecent assault of a

person less than 16 years of age at case No. CP-37-CR-0000695-2012, and

one count of rape by forcible compulsion, three counts of statutory sexual

assault, and three counts of sexual assault at case No. CP-37-CR-0000830-

2013.[1]   The trial court sentenced appellant to an aggregate term of

incarceration of 17 to 37 years.  We affirm.

---

[1] 18 Pa.C.S.A. §§ 3126(a)(8), 3121(a)(1), 3122.1, and 3124.1(b),
respectively.

We also note that the trial court consolidated the cases docketed at
Nos. CP-37-CR-0000695-2012 and CP-37-CR-0000830-2030 pursuant to
Pa.R.Crim.P. 582 and ***Commonwealth v. Lark***, 543 A.2d 491 (Pa. 1988).
(***See*** trial court opinion, 1/28/14 at 10-16.)

The trial court set forth the following:

These cases arose following allegations of sexual molestation made by [appellant's] thirteen-year-old niece. At both cases, the victim testified that while she was living with [appellant], [appellant] sexually assaulted her on multiple occasions at his residence from August of 2011 through April of 2012. The victim moved into [appellant's] house in August of 2011 to live with him, her aunt, her grandma and five cousins. According to the victim, almost immediately after she moved in, [appellant] started asking her to flash her breasts to him when they were alone in the house. When she complied, [appellant] would begin to touch and lick her breasts. This occurred fifteen or more times on almost a daily basis. The victim described those incidents as routine, further stating that [appellant] also asked her to perform oral sex on him at least once, which request she refused.

Additionally, the victim testified that she engaged in sexual intercourse with [appellant] on three separate occasions.

At the time of trial, [appellant] filed a written Motion in Limine wherein he alleged that the victim had made statements to both her maternal grandmother and aunt that she would make false allegations to the police that sexual conduct was occurring between herself and an adult male who was not [appellant] in this case. Further, [appellant] alleged in his motion that the victim had made false statements that she had been having sex with men when she was allowed to have unsupervised visits with her mother. The sexual conduct the victim said she would lie or did lie about was to have occurred during the same period of time as the sexual activity alleged in the Information filed in these cases. Finally, [appellant] alleged that the allegations against [appellant] in the instant case were made as a fabrication in exchange for assurance that sexual assault charges would not be filed against her, as the victim had been placed in a juvenile sex offender

treatment program due to allegations of sexual assault by the victim on her siblings and cousins. [Appellant] sought to prove at trial that in exchange for the victim's allegations of prior sexual abuse by [appellant], the victim would not have to suffer the fear of having sexual assault charges filed or pursued against her, thus showing a motive to fabricate the current charges.

The Court issued its ruling on [appellant's] Motion in Limine by Order of Court dated February 10, 2015, which directed that [appellant] could examine and/or present evidence that the alleged victim received favorable treatment relative to juvenile dependency or delinquency proceedings against her in exchange for or as a motive for identifying [appellant] as having perpetrated the alleged assault against her but that otherwise the motion was denied.

As noted, the Court did grant [appellant's] Motion in Limine to the extent that the Court permitted [appellant] to examine and/or present evidence that the alleged victim received favorable treatment relative to juvenile dependency or delinquency proceedings against her in exchange for or as a motive for identifying [appellant] as having perpetrated the alleged acts against her even though those proceedings arose out of allegations that the alleged victim herself has committed acts of sexual assault.

Trial court opinion, 5/26/17 at 3-5.

Following his convictions,

[appellant] filed a timely post-sentence motion consisting of a Motion for Judgment of Acquittal challenging the sufficiency of the evidence to sustain the convictions, a Motion for [a] New Trial contending that the verdicts were against the weight of the evidence, and a Motion for Sentence Modification.

On December 16, 2015, this Court issued its Opinion and Order of Court which dismissed [appellant's] post-sentence motions in their entirety.

An appeal following the dismissal of [appellant's] post-sentence motions was not timely filed on behalf of [appellant]. [Appellant] timely filed a motion for Post-Conviction Collateral Relief, the result of which was an Order of Court issued March 10, 2017 which reinstated [appellant's] direct appeal rights, nunc pro tunc. [Appellant] timely appealed as authorized by the March 10, 2017 Order of Court. Following the filing of the appeal, this Court directed counsel for [appellant] to file a Concise Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)], and [appellant's] concise statement was filed on April 25, 2017.

*Id.* at 2.

Appellant raises the following issues for our review:

[1.] Was the trial court's failure to grant appellant's motion in limine and allow the disclosure of relevant evidence of the accuser's propensity to falsify sexual abuse manifestly unreasonable?

[2.] Was the evidence insufficient as a matter of law to support a conviction of sexual assault in the sleep-over count for failure to establish that the accuser did not consent to sexual intercourse with the appellant?

[3.] Was the evidence insufficient as a matter of law to support a conviction of rape, statutory sexual assault, and sexual assault in the trampoline incident because the Commonwealth failed to establish the date of the incident with sufficient particularity?

[4.] Did the trial court abuse its discretion in allowing an impermissible opinion from an expert witness as to the credibility of the accuser?

- 4 -

Appellant's brief at 6 (underscoring and unnecessary capitalization omitted).

Appellant first complains that the trial court abused its discretion when it denied appellant's motion ***in limine*** and (1) prohibited appellant from introducing evidence that the victim had made statements to her maternal grandmother and aunt that she would lie to police and deny being sexually assaulted by another adult male; and (2) prohibited appellant from introducing evidence that the victim made false statements that she had been having sex with men during unsupervised visits with her mother.

We begin with our standard of review.

> A trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant will be reversed only where there has been a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused.

***Commonwealth v. K.S.F.***, 102 A.3d 480, 483 (Pa.Super. 2014) (citations omitted).

The Rape Shield Law provides, in relevant part:

### § 3104.  Evidence of victim's sexual conduct

**(a)** **General rule.--**Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged

> victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

This court has discussed the interplay between the purpose of the Rape Shield Law and the constitutional rights of the accused, as follows:

> Although the literal language of the Rape Shield Law would appear to bar a wide range of evidence, courts have interpreted the statute to yield to certain constitutional considerations implicating the rights of the accused. *See, e.g., Commonwealth v. Riley*, 434 Pa. Super. 414, 643 A.2d 1090, 1093 (Pa.Super. 1994) (right to cross-examine witnesses).
>
> Evidence that tends to impeach a witness' credibility is not necessarily inadmissible because of the Rape Shield Law. [*Commonwealth v. Black*, 487 A.2d 396, 401 (Pa.Super. 1985)]. When determining the admissibility of evidence that the Rape Shield Law may bar, trial courts hold an in camera hearing and conduct a balancing test consisting of the following factors: "(1) whether the proposed evidence is relevant to show bias or motive or to attack credibility; (2) whether the probative value of the evidence outweighs its prejudicial effect; and (3) whether there are alternative means of proving bias or motive or to challenge credibility." *Id.*

*K.S.F.*, 102 A.3d at 483-484.

Here, appellant sought to introduce evidence that the victim made statements to her maternal grandmother and aunt that she would lie to police and deny being sexually assaulted by an unidentified adult male and that the victim made false statements to an unidentified person or unidentified persons that the victim lied about having sex with unidentified adult males. (Appellant's motion *in limine*, 2/11/15 at unnumbered pages 1-4.) Appellant

contends that the proposed evidence was relevant to attack the victim's credibility. (**Id.**; **see also** appellant's brief at 20-23.)

Although the Rape Shield Law may not be used to exclude relevant evidence attacking a witness's credibility to demonstrate that witness's motive to lie, the evidence must demonstrate that the witness had a motive to lie or that the witness harbored bias or hostility against the defendant. **Commonwealth v. Gaddis**, 639 A.2d 462, 466 (Pa.Super. 1994) (noting that although the **Black** court held that the Rape Shield Law may not be used to exclude relevant evidence attacking credibility or showing a witness's bias, subsequent decisions have narrowly applied the **Black** holding to admit such evidence "only where the victim's credibility was allegedly affected by 'bias against or hostility toward the defendant, or the victim had a motive to seek retribution" (citation omitted)).

In applying the first prong of the **Black** test to this case, appellant fails to demonstrate how evidence that the victim made statements that she would lie about being sexually assaulted by someone other than appellant and that she had lied about having sex with men other than appellant is relevant to show that the victim had a motive to lie with respect to having been sexually assaulted by appellant or that the victim was biased against and/or harbored hostility against appellant. As stated by the trial court, "there is no connection between the allegations of false accusations made by the victim [to appellant] in this case." (Trial court opinion, 5/26/17 at 9.)

As to the second prong of the **Black** test, the trial court, relying on **Gaddis**, found that the prejudicial impact of the proposed evidence would far outweigh any probative value because admission of allegedly false statements about unsubstantiated sexual conduct with unidentified men would leave the jury to speculate as to the truth of these allegedly false allegations which would "result in several trials within [appellant's] trial to establish whether in fact the alleged incidents were true or false." (**Id.**) Indeed, in **Gaddis**, this court recognized that the prejudicial impact of admitting evidence that would leave the jury to speculate about the truth or falsity of facts alleged concerning incidents where no prior truth-determining process established the veracity of the allegations and where the alleged statements had no connection to the defendant would far outweigh its probative value. **Gaddis**, 639 at 467. In an attempt to convince this court otherwise, appellant asserts that the proposed evidence was not meant "to drag [the victim] through the mud, but to properly defend himself in these serious allegations." (Appellant's brief at 22.) Appellant's assertion, however, misses the mark because it fails to demonstrate how the prejudicial impact of the proposed evidence would have been outweighed by its probative value. Additionally, here, much like **Gaddis**, admission of evidence of statements regarding unsubstantiated allegations of the victim's sexual conduct with unidentified men would leave the jury to speculate as to the truth of those statements. Appellant offers no argument to the contrary.

With respect to the final prong of the **Black** test, appellant had alternative means to prove bias or motive, as well as alternative means to challenge the victim's credibility. Specifically, the trial court permitted appellant to introduce evidence that the victim fabricated the allegations of sexual assault against appellant in exchange for favorable treatment in a juvenile delinquency proceeding involving the victim. The record also reflects that appellant utilized various methods at trial in an effort to impeach the victim's credibility, including extensive cross-examination concerning inconsistencies and contradictions between her direct examination trial testimony and statements that she made at appellant's preliminary hearing, as well as statements she made to forensic interviewer Janet Wilson. (Notes of testimony, 2/11/15 at 40-61; 84-88; 94-99.) Consequently, we discern no abuse of discretion.

Appellant next challenges the sufficiency of the evidence to sustain his conviction for sexual assault because, according to appellant, the Commonwealth failed to prove the victim's lack of consent. A reading of appellant's brief on this issue reveals that he does nothing more than set forth certain portions of the victim's trial testimony which he contends if "taken as true, [] clearly shows that sexual intercourse did not occur until [the victim] consented" in an effort to convince this court that the victim consented to one act of sexual intercourse. (Appellant's brief at 25.) In so doing, appellant challenges the weight of the evidence, not its sufficiency. **See**, **e.g.**,

*Commonwealth v. Gibbs*, 981 A.2d 274, 281-282 (Pa.Super. 2008) (an argument that the fact-finder should have credited one witness's testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence).[2]

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> . . . .
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> . . . .

---

[2] In accordance with Pa.R.Crim.P. 607(A), appellant preserved his weight challenge in a post-sentence motion.

- 10 -

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-1055 (Pa. 2013) (citations and quotation marks omitted). "In order for a defendant to prevail on a challenge to the weight of the evidence, 'the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.'" ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa.Super. 2013) (citation omitted).

In his brief, appellant invites us to do nothing more than assess the victim's credibility and reweigh the evidence in an attempt to convince us to reach a different result than the jury reached. We decline appellant's invitation. The jury, as fact-finder, had the duty to determine the credibility of the testimony and evidence presented at trial. ***See id***. Appellate courts cannot and do not substitute their judgment for that of the fact-finder. ***See id.*** Therefore, this claim lacks merit.

Appellant next claims that the evidence was insufficient to support his convictions of rape, statutory sexual assault, and sexual assault because the Commonwealth failed to establish the date of the incident, which the parties refer to as the "trampoline incident," that served as the factual basis for these convictions with sufficient particularity. In so contending, appellant does not

complain that the Commonwealth failed to prove any element of any of these three crimes of which he was convicted in connection with the trampoline incident; rather, appellant argues that the evidence was insufficient to support these convictions because the victim's testimony was not sufficiently specific regarding the date as to when the trampoline incident occurred. Appellant's argument implicates a violation of his due process right to defend against the charges.

At the outset, we note that the criminal information must "fix the date when an alleged offense occurred with reasonable certainty." *Commonwealth v. Jette*, 818 A.2d 533, 535 (Pa.Super. 2003) (citation and quotation marks omitted). "The purpose of this requirement is to provide the defendant with sufficient notice to meet the charges and prepare a defense." *Commonwealth v. Gibbons*, 784 A.2d 776, 780 n. 2 (Pa. 2001) (Saylor, J., concurring) (citation omitted).

> However, "[d]ue process is not reducible to a mathematical formula," and the Commonwealth does not always need to prove a specific date of an alleged crime. *Commonwealth v. Devlin*, 460 Pa. 508, 333 A.2d 888, 892 ([Pa.] 1975) . . . Permissible leeway regarding the date provided varies with, *inter alia*, the nature of the crime and the rights of the accused. *See* Pa.R.Crim.P. 560(B)(3), stating that it shall be sufficient for the Commonwealth to provide in the information, if the precise date of an offense is not known, an allegation that the offense was committed on or about any date within the period fixed by the statute of limitations.

*Commonwealth v. Koehler*, 914 A.2d 427, 436 (Pa.Super. 2006) (some citations omitted).

Here, the amended criminal information at case no. CP-37-CR-0000830-2013 reflects that appellant committed the offenses on September 11, 2011. (Case no. CP-37-CR-0000830-2013 docket no. 37.) Indeed, appellant acknowledges that the criminal information reflects that the crimes occurred on September 11, 2011. (Appellant's brief at 30.) Appellant then states that he "developed his defense according to this notice," but "at trial[, the victim's] testimony was different [in that] [s]he stated that the [t]rampoline [i]ncident occurred when it was winter." (*Id.*) Appellant then illogically concludes that he was denied due process because the victim's testimony as to when the trampoline incident occurred contradicted the date contained in the criminal information. Appellant is mistaken. The inconsistency regarding the victim's recollection of when the trampoline incident occurred and the date reflected in the criminal information implicates nothing more than the victim's credibility. Accordingly, it was for the jury, as fact-finder, to resolve this contradiction. *See Talbert*, 129 A.3d at 546 (the fact-finder determines the credibility of the testimony and evidence presented at trial). Consequently, this claim lacks merit.

Appellant finally complains that the Commonwealth's expert, Janice Wilson, a forensic interviewer in sexual assault cases involving children, provided impermissible opinion testimony regarding the victim's credibility.[3]

At the outset, we note that appellant violated Pa.R.A.P. 2119(c) by failing to provide record citations to show that the record supports his contention that Ms. Wilson impermissibly testified as to the victim's credibility. **See** Pa.R.A.P. 2119(c) (requiring a reference to the place in the record where the matter referred to appears). Nevertheless, our review of the record demonstrates that appellant placed no objections on the record during Ms. Wilson's testimony. Therefore, appellant waives this issue on appeal. **See Commonwealth v. Thoeun Tha**, 64 A.3d 704, 713 (Pa.Super. 2013) (reiterating the long-standing principle that a "[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal" (citations omitted); **see also** Pa.R.A.P. 302(a).

Notwithstanding appellant's waiver of this issue on appeal, we finally note that our review of the record reveals that to the extent that Ms. Wilson offered opinion testimony regarding the victim's credibility, such testimony was elicited during appellant's cross-examination of this witness. (**See** notes of testimony, 2/12/15 at 129-130.) Therefore, even if appellant had not

---

[3] Although a qualified expert in sexual assault cases may testify to facts and opinions regarding specific types of victim responses and victim behaviors, an expert's opinion testimony regarding the credibility of any other witness, including the victim, shall not be admissible. 42 Pa.C.S.A. § 5920(b)(3)-(4).

waived this issue, the claim would fail because an appellant cannot elicit inadmissible testimony on cross-examination and then complain about it on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2018